## WATLINGTON

*v.*

## EDMONSON.

## CARRINGTON *v.* SAME.

(*Supreme Court of Appeals of Virginia, February, 1886.*)

[Virginia Law Journal, 1886, p. 286.]

**Judicial Office in Virginia—Incumbents.**

It is well settled by the repeated decisions of this court that the terms of office of the different classes of judges in this state begin and end at fixed and definite periods; and that after the expiration of those periods the incumbents can only discharge the duties of the office until their successors have qualified.

**Same—Same—Case at Bar.**

A. was elected judge of Halifax county on January 27, 1880, and qualified as such, B., the incumbent, surrendering the office; B. afterwards instituted legal proceedings to recover the office, upon the ground that his term did not expire until December 31, 1880, and he was restored to the office until that time (Estes *v.* Edmonson, 33 Gratt. 510); A. then held the office from January 1, 1881, until December 31, 1885, when B., who was re-elected to the office in December, 1885, claimed it, and the present proceedings were instituted, A. claiming to be entitled to hold during the year 1886, in order to fill out a term of six years: *held* :

**Same—Constitution Fixing—Case at Bar.**

1. Under the provisions of the constitution fixing the terms of the judicial office, the term of six years for which A. was elected commenced on the 1st day of January, 1880, and ended on the 31st day of December, 1885, and the term of six years for which B. was re-elected in 1885 commenced on the 1st day of January, 1886, and he is entitled to the office from that time.

**Same—Same—Same.**

2. Although the decision in Estes *v.* Edmonson operated to exclude A. from the office during the first year of his term, he cannot be compensated therefor by extending his term beyond the period fixed by the constitution.

Petitions of James T. Watlington and C. C. Carrington for writ of *habeas corpus*.

The opinion states the cases.

*J. W. Reily*, for petitioners.

*Henry Edmunds*, for respondent.

HINTON, J., delivered the opinion of the court.

The proceedings in these cases were instituted for the purpose of testing the question as to who was, on the 4th day of January, 1886, and is now, the rightful judge of Halifax county. It appears by the record that the Hon. E. W. Armistead was elected judge of the county court of that county on the 27th day of January, 1880, and that he qualified by taking the required oaths on the 20th day of the next succeeding month. Upon this qualification the Hon. W. R. Barksdale, who was his predecessor, surrendered the office to him. Subsequently, the decision in *Ex parte* Meredith, 33 Gratt. 119, having in the meanwhile been rendered, Judge Barksdale instituted legal proceedings to regain the office upon the ground that his term of office had not expired. The real question in Estes v. Edmonson, 33 Gratt. 521, as a careful examination of the report will show, was, to use the language of the learned judge who delivered the opinion of the court, "When did Judge Barksdale's term of office begin, and when does it end ?"

And that question is answered in the most explicit manner at page 524 of the report, where it is declared that "his," meaning Judge Barksdale's, "term of office commenced, by the express terms of the constitution, on the 1st day of January next following his appointment, to wit, on the 1st day of January, 1875, and his term of office fixed by the constitution being six years, expires on the 31st day of December, 1880."

As one of the results of this decision Judge Armistead was excluded from the office of county judge of Halifax during the whole of the first year of the term for which he had been elected by the legislature, and he now contends that he is entitled to hold the said office during the year 1886, in order that he may fill out a term of six years.

On the other hand, Judge Barksdale who was again elected judge of said county, on the — day of December, 1885, to succeed Judge Armistead, contends that Judge Armistead's right to hold said office ceased on the 31st day of December, 1885, and that he was not judge of the county of Halifax on the 4th day of January, 1886, and, therefore, that he had no right to fine and imprison the petitioner, James T. Watlington.

Whatever doubts may have at one time existed on the subject, it must now be regarded as finally settled, by the repeated adjudications of this court, that the terms of the different classes of judges of this commonwealth begin and end at fixed and definite periods ; and that after the expiration of these periods the incumbents can only discharge the duties of the office until their successors have qualified. *In re* Broadus, 32 Gratt. 779 ; Burks v. Hinton, 77 Va. R. 1 ; Howison v. Weedon, Id. 708 ; Fitzpatrick v. Kirby, not yet reported. In the opinions of my brethren delivered in those cases the whole argument is exhausted, and I shall not therefore waste time in restating what has been so well said by them, but content myself with referring all who may be solicitous to examine the subject to the discussions in those cases.

By the provision of the constitution bearing upon the subject, the first term of the county judges was fixed at three years, and began on the 1st day of January next following their appointment, that is to say, on the 1st day of January, 1871 ; and the second and all succeeding terms were fixed at six years. And these data ascertain and establish the periods

for the beginning and ending of each successive term as absolutely and definitely as if those periods had been set out in so many words. For, *id certum est, quod certum reddi potest*. The first term of these judges commenced on the 1st day of January, 1871, and ended on the 31st day of December, 1873. The next term commenced on the 1st day of January, 1874, and expired on the last day of December, 1879. The third term began on the 1st day of January, 1880, and terminated on the 31st of December, 1885.

It is obvious, therefore, that the term of six years for which Judge Armistead was elected by the legislature ended on the 31st day of December, 1885, under the provisions of the constitution, and that the term of six years for which Judge Barksdale was elected commenced on the 1st day of January, 1886. While therefore the decision of this court in Estes v. Edmonson, *supra*, operated so as to exclude Judge Armistead from discharging the duties of his office during the first year of his term, it must be apparent that we have no power to compensate him for that loss by extending his term beyond the period fixed by the constitution.

It is argued, however, that the question at issue in the present case was passed upon in Estes v. Edmonson, *supra*, and is therefore *res judicata*. But as we have before seen, such was not the case. The question in that case only embraced the term of incumbent Barksdale, and when it would expire. And the remark of the learned judge, who delivered the opinion of the court, that it followed that Judge Armistead having been elected on the 27th January, 1880, his term of office does not commence until the 1st day of January, 1881, was unnecessary for the decision of the case, in conflict with former and subsequent decisions of this court, and is not therefore binding upon us.

The case of Howison v. Weedon, 77 Va. R. 704, is also relied on as an authority for holding that the present controversy between these parties is *res judicata*. But an ex-

amination of that case will disclose the fact that there is not the slightest ground for the suggestion. It had been held in *Ex parte* Meredith, 33 Gratt. 119, that Judge Weedon, who had been elected to fill a vacancy, was entitled to a full term of six years, and afterwards Judge Howison endeavored to oust him during the period for which this court had declared him elected, when the court, speaking through Judge Richardson, in Howison v. Weedon, *supra*, held that "the subject-matter, the title to the office in question for that period, was clearly within the submission in the case of *Ex parte* Meredith." That case, therefore, clearly does not touch the present controversy.

It is unnecessary for us to say more. It seems too plain for discussion that Judge Barksdale's term of office began on the 1st day of January, 1886, and will terminate on the 31st day of December, 1891; and that he was therefore the rightful judge of the county court of Halifax county on the 4th day of January, 1886.

It follows that the petition of C. C. Carrington, who was confined for refusing to obey the order of the Hon. E. W. Armistead must be denied, and that the petitioner James T. Watlington, who was confined for refusing to obey the order of the Hon. W. R. Barksdale, must be discharged.

So ordered.

LACY, J., dissents.